IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACKIE ALBRIGHT, as Parent and Next Best Friend of
CHILD DOE                                                                                          PLAINTIFF

V.                                            CASE NO. 3:16-CV-3011

MOUNTAIN HOME SCHOOL DISTRICT;
DEBBIE ATKINSON, Director of Special Education; and
SUSANNE BELK, BCBA Consultant                                                      DEFENDANTS

## OPINION AND ORDER

Currently before the Court are Defendants Mountain Home School District's ("District"), Debbie Atkinson's, and Susanne Belk's Motion to Extend Discovery Deadline (Doc. 58) and Motion to Quash Plaintiff's Notices of Depositions (Doc. 59); Plaintiff Jackie Albright's Responses and Supplement in opposition to these Motions (Docs. 60–62); and Defendants' Combined Reply (Doc. 64). As explained below, both Motions are **GRANTED IN PART AND DENIED IN PART**.

The Case Management Order ("CMO") in this case established a discovery deadline of March 24, 2017. (Doc. 34, p. 2). It informed the parties that they "may conduct discovery beyond this date if all parties are in agreement to do so." *Id.* But it also stated that "the Court will not resolve any disputes which may arise in the course of extended discovery." *Id.* It required that "[a]ll discovery requests must be propounded sufficiently in advance of the discovery deadline to allow for a timely response." And it cautioned the parties that "[t]he Court will not grant a continuance because a party does not have time in which to depose a lay or expert witness." *Id.* at 3. Elsewhere, the CMO warned: "The

1

deadlines set forth above are firm. Extensions and/or continuances will not be considered absent very compelling circumstances." *Id.* at 7.

On February 21, 2017, Plaintiff propounded written discovery and deposition notices on Defendants. *See* Doc. 62-1. Specifically, Plaintiff provided notice of intent to take the depositions of District Superintendent Jacob Long, Ms. Atkinson, and Ms. Belk, at the District's administrative offices on March 23 at 10:00am, March 23 at 2:00pm, and March 24 at 10:00am, respectively. *See* Doc. 62-2. The following day, new counsel entered their appearances on behalf of Defendants, *see* Docs. 55–57, and propounded written discovery to Plaintiff, *see* Doc. 58-2.

Defendants ask the Court to extend the discovery deadline to April 15, 2017, and to extend the dispositive motions deadline from March 31 to April 30, 2017, (Doc. 58, ¶¶ 5–6), or in the alternative, to compel Plaintiff to provide early responses to their written discovery, shortening her deadline by at least one business day to March 23, 2017. *See id.* at ¶ 7. The deadlines in this case were thoroughly discussed at the case management hearing on July 22, 2016, and the CMO was entered three days later. Nevertheless, it appears the parties, having ample notice of the deadlines in this case and of this Court's general reluctance to extend them, decided to let an additional seven months pass before beginning discovery. The only reason Defendants offer for why the Court should extend these deadlines now is that they recently retained new counsel, who presumably wish their client had begun discovery before they were retained. *See id.* at ¶ 4. But the Court does not believe regrets of this sort, however well-founded, constitute "very compelling circumstances" warranting an extension of the discovery deadline. (Doc. 34, p. 7).

Defendants also ask the Court to quash the deposition notices that Plaintiff served on Defendants. (Doc. 59, p. 2). Defendants offer two reasons in support of this request: (1) their lead counsel is unavailable on the noticed dates, and (2) "these employees' contracts do not allow them to be compelled to sit for depositions as parties to this litigation on those dates," which fall on spring break. *See id.* at ¶ 2. The Court does not find the first reason persuasive, because each Defendant is presently represented by no less than four counsel of record—one who has been on this case from its inception and has been practicing law in Arkansas since 1981, and the other three who have been practicing law in Arkansas since 1991, 1993, and 2012. *See id.* at p. 3. The Court has not been given any reason to believe that any of the three non-lead counsel are unavailable on the noticed dates or incapable of competently defending the noticed depositions on those dates.

As for the second reason, the Court observes that Ms. Atkinson and Ms. Belk are named parties to this case; and although Mr. Long is not a party to this case, it appears that Plaintiff is seeking the District's deposition through him under Fed. R. Civ. P. 30(b)(6) in his capacity as Superintendent. *See* Doc. 58-3, p. 2 ("Please note the Depositions scheduled for March 23 & 24 are of the named Defendants . . . ."); *cf. Gowan v. Mid Century Ins. Co.*, 309 F.R.D. 503, 513 (D.S.D. 2015) ("If a corporation is a party to an action, an opposing party may name a particular person to depose, but that person must be an officer, director, or managing agent of the corporate party in order to command that person's appearance via a notice of deposition served on the corporate party's attorney. If the person selected for deposition is not an officer, director, or managing agent, then the party seeking discovery must subpoena that deponent just as with any nonparty."

(internal quotation marks and citations omitted)). In other words, all three individuals have an independent obligation under the Federal Rules of Civil Procedure to appear for their properly-noticed depositions, regardless of whether they have any contractual duty to do so. *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (permitting the Court to order sanctions if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition"). So the Court also finds Defendants' second reason to quash unpersuasive.

However, the Court observes that in their Reply, Defendants appear to offer a new, additional argument that the depositions should be quashed because they are unduly burdensome. Defendants explain:

> As non-contract days, the District's superintendent has scheduled time off with his family (and his wife has taken Paid Time Off from her job), and the District's most knowledgeable and instrumental person to assist with the deposition preparation (Cassy Barnhill), and who attended Plaintiff's and the former superintendent's depositions as the District's representative, has rented a house and is scheduled to be at her stepdaughter's wedding in Eureka Springs for preparations on Friday, March 31 and the wedding the following day. Additionally, Suzanne Belk has paid $3,500 for an out-of-state continuing education, which she provisionally has cancelled (without a possibility of refund) because of the deposition notices, but will attend if permitted. Finally, Debbie Atkinson and her husband were scheduled to visit their son and grandchildren in Colorado.

(Doc. 64, ¶ 5).

Fed. R. Civ. P. 45(d)(3)(A)(iv) *requires* the Court to "quash or modify a subpoena that . . . subjects a person to undue burden." And the Federal Rules also state that the Court "*may*, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," Rule 26(c)(1) (emphasis added), by "specifying terms, including time and place . . . for the disclosure or discovery,"

4

Rule 26(c)(1)(B). Here, the Court finds that the facts recited in the preceding paragraph demonstrate "specific prejudice or harm" that the noticed deponents will suffer if the deposition notices are not quashed. *See Kinzer v. Remington Arms Co., Inc.*, 2011 WL 1659883, at *3 (D. Neb. May 3, 2011). Thus, the Court must quash or modify the notices. However, the Court also finds that Plaintiff provided reasonable notice to the deponents (here, thirty days prior to the depositions and thirty-one days prior to the discovery deadline), and that it would unfairly prejudice her to prevent her from taking these depositions before the dispositive motions deadline has passed.

**IT IS THEREFORE ORDERED** that Defendants Mountain Home School District's, Debbie Atkinson's, and Susanne Belk's Motion to Extend Discovery Deadline (Doc. 58) and Motion to Quash Plaintiff's Notices of Depositions (Doc. 59) are **GRANTED IN PART AND DENIED IN PART** as follows: the depositions of Jacob Long, Debbie Atkinson, and Suzanne Belk will not be taken on March 23 or 24, 2017. However, Defendants' counsel shall accommodate the rescheduling of these three depositions at the convenience of Plaintiff's counsel for dates that are no later than April 21, 2017. The discovery deadline remains March 24, 2017 for all other purposes. The dispositive motions deadline is extended to April 28, 2017. **No further extensions of deadlines will be granted for discovery or dispositive motions.**

**IT IS SO ORDERED** on this 17th day of March, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

5