IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JACQUIE ALBRIGHT, as Parent and Next Best Friend of
CHILD DOE                                                                    PLAINTIFF

V.                              CASE NO. 3:16-CV-3011

MOUNTAIN HOME SCHOOL DISTRICT;
DEBBIE ATKINSON, Director of Special Education; and
SUSANNE BELK, BCBA Consultant                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff Jacquie Albright's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Doc. 110) and Brief in Support (Doc. 111), and Defendants Mountain Home School District's ("the District"), Debbie Atkinson's, and Susanne Belk's Response in Opposition (Doc. 113). For the reasons given below, Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

On July 5, 2017, the Court entered Judgment in favor of the Defendants in this case, dismissing Counts 1 through 5 of Plaintiff's Amended Complaint (Doc. 41) with prejudice, and dismissing Count 6 without prejudice. See Doc. 106. Specifically, as to Count 1, the Court affirmed the October 29, 2015 decision of an administrative hearing officer that the District did not deny Plaintiff's child a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA"). See Doc. 105, pp. 5–9. With respect to Counts 2 through 5, which brought claims under 42 U.S.C. § 1983, the Rehabilitation Act, and the Americans with Disabilities Act, the Court ruled that the Defendants were entitled to summary judgment as a matter of law. See id. at

1

22–25. Then, the Court declined to exercise supplemental jurisdiction over the claims in Count 6, which were premised exclusively on alleged violations of state law. *See id.* at 25. Plaintiff believes that these rulings were "fatally infected by . . . manifest errors of law or fact," and accordingly has filed a Motion under Fed. R. Civ. P. 59(e), asking the Court to alter or amend its Judgment. *See* Doc. 110, ¶ 2. Defendants oppose Plaintiff's Motion.

## II. LEGAL STANDARD

Motions to alter or amend judgments under Rule 59(e) "serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* Whether to grant a Rule 59(e) motion is a decision that is committed to this Court's discretion. *See id.*

## III. DISCUSSION

Plaintiff contends that the Court made four "manifest errors of law or fact" warranting revision of the Judgment. Two of those claimed errors would impact the Court's summary judgment rulings regarding Counts 2 through 5 of the Amended Complaint. The other two claimed errors would impact the Court's ruling on Plaintiff's IDEA appeal that was brought in Count 1 of the Amended Complaint. Below, the Court will first address Plaintiff's arguments relating to Counts 2 through 5. Then, the Court will address Plaintiff's arguments relating to Count 1.

## A. Counts 2 through 5

The first asserted error relating to Counts 2 through 5 involves the Court's decision to deny Plaintiff's Motion to Accept Response to Summary Judgment Out of Time (Doc. 89) and, accordingly, to strike Plaintiff's untimely Response to Summary Judgment and supporting materials (Docs. 81–88), and to deem admitted or undisputed all assertions of fact that Defendants made for purposes of summary judgment. *See* Doc. 105, pp. 10–16. The Court analyzed Plaintiff's Motion to Accept Response to Summary Judgment Out of Time in the same section of its Opinion and Order where it analyzed two other motions by Plaintiff that untimely sought leave to extend deadlines that had been set in the Court's Case Management Order. *See id.* In its recitation of the legal standard for all three of these motions, the Court cited Fed. R. Civ. P. 16(b)(4), which states that "[a] schedule may be modified only for good cause and with the judge's consent." *See* Doc. 105, at 11. Then, after citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2009), for the proposition that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements," (Doc. 105, p. 12), the Court discussed at rather great length, with extensive citation to the record of this and other cases involving Plaintiff's counsel, the facts supporting the Court's conclusion that such diligence was wholly lacking here, *see id.* at 12–16. Plaintiff now contends that the Court erred by applying the Rule 16(b)(4) standard to her Motion to Accept Response to Summary Judgment Out of Time, instead of the standard under Rule 6(b)(1)(B), which states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."

The Court agrees with Plaintiff's contention that it should have applied Rule 6(b)(1)(B), instead of Rule 16(b)(4), to her Motion to Accept Response to Summary Judgment Out of Time since, technically speaking, her deadline to respond to Defendants' Motion for Summary Judgment was provided not by the Court's Case Management Order, but rather by Local Rule 7.2(b). However, doing so would have made no practical difference at all. Both 6(b)(1)(B) and Rule 16(b)(4) explicitly require a finding of "good cause" to extend a deadline, and the Court is no more inclined to make such a finding under Rule 6(b)(1)(B) than it was under Rule 16(b)(4). Regardless of what Federal Rule is being applied, there is no good cause for relief from a deadline where there has been "contumacious . . . disregard for deadlines and procedural rules." *See, e.g., Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (discussing the standard for relief from a default judgment under Rules 55(c) and 60(b)). A textbook example of such contumacious disregard would be Plaintiff's decision here to file a summary judgment response ten days after the deadline to do so passed, despite having been explicitly warned by the Court on at least three different prior occasions that she would not be permitted to do so.[1] *See* Doc. 105, pp. 11, 14–15. And that particular instance of contumacious disregard is seen in an even more aggravating light when viewed within

---

[1] The Court will not entertain Plaintiff's belated arguments in her Rule 59(e) motion with respect to whether this particular instance of tardiness was the result of excusable neglect. *See* Doc. 111, pp. 13–20. For one thing, it makes no difference in the absence of good cause for an extension. *See* Fed. R. Civ. P. 6(b)(1)(B). For another, Plaintiff's Motion to Accept Response to Summary Judgment Out of Time contained no reference to Rule 6 (nor, for that matter, to any other Rule), no citation to any cases interpreting that rule, and no discussion, argument, or even bare claim as to whether excusable neglect existed. *See* Doc. 89. Rule 59(e) motions are not permitted to "tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d 930 at 933.

the context of the broader pattern of disregard that the Court discussed in its last Opinion and Order, which the Court will adopt and incorporate by reference without further rehashing here. See id. at 10–16.

The second ruling relating to Counts 2 through 5 that Plaintiff contends was erroneous, is the Court's ruling limiting the temporal scope of Plaintiff's non-IDEA federal claims on the grounds that Plaintiff's settlement of prior due process complaints did not satisfy the requirement that she exhaust her administrative remedies under the IDEA. See id. at 17–22. Plaintiff makes no showing of any "manifest" legal or factual error in this ruling; her argument for amendment or alteration of the Judgment on this point rests entirely on free-floating arguments about the policies and purposes undergirding the IDEA, see Doc. 111, pp. 22–23, and on a solitary unpublished and nonbinding decision from the Eastern District of Missouri that was issued well before her deadline to respond to Defendants' summary judgment motion, see id. at 21. But as noted above, Rule 59(e) motions may not be used to "tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Metro. St. Louis Sewer Dist., 440 F.3d 930 at 933. In summary, neither of Plaintiff's claimed errors regarding Counts 2 through 5 warrants altering or amending the Judgment with respect to those Counts.

### B. Count 1

Plaintiff's first asserted error with respect to Count 1 is the Court's decision to rule on her IDEA appeal on the basis of the briefs and written record without also receiving oral argument. Plaintiff contends that if the Court had received oral argument, then she would have supplemented the record on her IDEA appeal with the expert report of Dr. Howard Knoff, Ph.D. Plaintiff further contends that she put the Court on notice of her

intent to supplement the record when, on December 19, 2016, she stated on the second page of a Motion to Continue Hearing on IDEA Claim, and Motion to Extend Time to Provide Expert Report, that "[a]dditionally, due to the voluminous record in this case and issues, Plaintiff requests to present additional testimony and evidence at the Hearing, which she expects would take one hour or less – but which is necessary to assist the Court in disposing of this appeal." (Doc. 52, ¶ 6).

Admittedly, when the Court entered its Opinion and Order and Judgment on Plaintiff's IDEA appeal without receiving oral argument, it had not considered the possibility that Plaintiff would seek to supplement the evidentiary record during the same hearing at which oral argument on the briefs would have been received. But this is because there was no pending motion by Plaintiff to supplement the IDEA record, and there is no automatic right to supplement the record on IDEA appeals absent a "solid justification" for doing so. See E.S. v. Indep. Sch. Dist. No. 196, 135 F.3d 566, 569 (8th Cir. 1998).

It is indeed true that Plaintiff buried a one-sentence "request[] to present additional testimony and evidence at the Hearing" in paragraph six of an unbriefed motion that was formally styled as seeking two other, different, forms of relief, nearly seven months before the Court entered Judgment in this case. But that is not the proper form of a motion to supplement the IDEA record, nor is it a proffer that would provide the Court any basis for making a reasoned determination of whether there is a "solid justification" for accepting additional evidence. The Federal Rules require that "[a] request for a court order must be made by motion," and that a motion must "state with particularity the grounds for seeking the order." Fed. R. Civ. P. 7(b)(1)(B). Local Rule 7.2(a) further requires that "[a]ll

motions except those mentioned in paragraph (d) shall be accompanied by a brief consisting of a concise statement of relevant facts and applicable law," and that "[b]oth documents shall be filed with the Clerk." And a motion for leave to present additional testimony and evidence does not fall within any of the exceptions enumerated in paragraph (d) of Local Rule 7.2.[2]

Plaintiff's request to expand the evidentiary record in paragraph 6 of Doc. 52 was not accompanied by any brief, and it did not "state with particularity the grounds for seeking" to present additional testimony and evidence. It did not identify the type of testimony and evidence to be offered. It made no mention of whether there was a "solid justification" for expanding the IDEA record. And after the Court ruled on the motions that *were* properly raised in Doc. 52, there was nothing left on the docket to indicate that any further requests for relief within that document remained pending, since Plaintiff's request to expand the IDEA record was not separately set forth in a properly-styled separate motion for leave and brief in support.[3] Strictly speaking, then, the Court does not believe

---

[2] Paragraph (d)(2) contains an exception for motions "[t]o obtain leave to file supplemental or amended pleadings." Testimony and evidence are not pleadings. *See* Fed. R. Civ. P. 7(a).

[3] This is not the only time in this case when Plaintiff has embedded "motions" at inconspicuous locations inside other filings with inconsistent formal styles. The parties may recall, for example, that after the Court struck Plaintiff's summary judgment response for untimeliness, the Court observed "that in paragraph 2 of Plaintiff's Response . . . she moves the Court under Fed. R. Civ. P. 41(a)(2) to dismiss without prejudice all of her individual claims against Ms. Atkinson and all of her claims based on 42 U.S.C. § 1983." *See* Doc. 105, p. 15 n.4. The Court then proceeded to analyze and deny that motion "to whatever extent [it] were to survive the Court's striking of the Response in which it is embedded." *See id.* The Court can only imagine that if it never had the good fortune to notice that particular "motion" hiding inside Plaintiff's summary judgment response, then the Court would now be confronted with the additional asserted "error" of having granted summary judgment to Defendants on certain claims without having first ruled on Plaintiff's request to dismiss those claims without prejudice, and would have to produce in this Order

7

it erred by failing to rule on a request for relief that was never properly presented to it in the first place. "[D]ecision on the record compiled before the administrative agency is the norm" in IDEA appeals, "so a party that wants the judge to take evidence rather than decide the case on the record compiled before the hearing officers had better tell him," *Ind. Sch. Dist. No. 283 v. S.D. by J.D.*, 88 F.3d 556, 560 (8th Cir. 1996) (quoting *Hunger v. Leininger*, 15 F.3d 664, 670 (7th Cir. 1994))—and tell him in a manner that complies with the Rules and is reasonably calculated to effectively put the Court on notice that some Court action is being requested.

However, there is another wrinkle to this issue. When the Court entered its Judgment and accompanying Opinion and Order, there was a Motion pending, filed by Defendants, to Exclude Opinions of Dr. Howard Knoff—the same individual whose expert opinions Plaintiff now asserts she would have added to the IDEA record if she had been given the opportunity to do so. *See* Doc. 67. Because the IDEA record had never actually been supplemented with Dr. Knoff's opinions, and because the Court had stricken Plaintiff's summary judgment response, the Court found that Defendants' Motion to Exclude was moot. *See* Doc. 105, p. 25. To be clear, the Court does not believe this finding was erroneous either; it was a logical consequence of the simple facts that none of Dr. Knoff's opinions were in the IDEA or summary judgment record and none of

---

the Rule 41 analysis it fortunately included in its original Order, but with the additional complication of figuring out how the Rule 41 standard interacts with the Rule 59 standard. This is not an efficient way to adjudicate cases, and it practically invites error from the Court and from the parties. The Court does not search voluminous dockets for motions that are hidden in non-obvious filings like needles in haystacks. Plaintiff's counsel is strongly advised, going forward in this or any other cases in which she may appear before this Court, to file her requests for orders as separate, conspicuous, and properly-styled motions that comply with the Federal and Local Rules of Civil Procedure.

Plaintiff's claims remained for trial. *See id.* But Defendants' Motion to Exclude is nevertheless relevant to this Rule 59(e) inquiry because one of the arguments advanced within it was that there was no "solid justification" for permitting Plaintiff to supplement the IDEA record with Dr. Knoff's opinions—meaning Plaintiff had the opportunity, in her Response to that Motion, to make the very arguments she would have made in support of a proper motion to supplement the IDEA record. Plaintiff now contends that if the Court had reached, and denied, that portion of Defendants' Motion to Exclude before ruling on her IDEA appeal, then the Court necessarily would have found "solid justification" for supplementing the IDEA record and, by implication, Plaintiff would have been entitled to so supplement.

There is a fundamental problem with this line of argument, though, which is that if the Court had reached this portion of Defendants' Motion to Exclude, it would not have *denied* that portion of the Motion—it would have *granted* that portion of the Motion. In her Response, Plaintiff provided only one purported "solid justification" for supplementing the IDEA record with Dr. Knoff's opinions:

> Additional testing performed after the conclusion of the due process hearing provides new evidence that the hearing officer erred. It includes, for example, evidence that Child Doe has *not* made progress in reading and math and, in fact, has lost ground academically.

(Doc. 69, p. 4). But the administrative record in this case was already eleven volumes long, and already contained abundant evidence of Child Doe's academic performance; indeed, it appears that except for the aforementioned "testing performed after the conclusion of the due process hearing," every single item of evidence that Dr. Knoff considered in forming his expert opinions on Child Doe's academic progress was already in the administrative record, *Compare* Doc. 110-1, pp. 6, 35–36, *with* Doc. 67-1, pp. 4–

5, 34–35. The Court has reviewed Dr. Knoff's opinions and finds that they are cumulative, and that there is no solid justification for supplementing the already "vast and detailed administrative record" with them. *West Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) (finding no abuse of discretion in denying request to supplement a "vast and detailed administrative record" with additional evidence relating "to the progress and status of" the student "subsequent to the administrative hearing").

The Court turns, finally, to Plaintiff's second claimed error with respect to Count 1, which she characterizes as "*[t]he Court's factual finding that there is no evidence in the record* that sensory integration is not based on peer-reviewed research." (Doc. 111, p. 2) (emphasis added). Actually, what the Court wrote in its Opinion and Order was that it "*has not found any evidence in the record* that sensory integration *treatment* is not based on peer-reviewed research." (Doc. 105, p. 8) (emphasis added). The Court is not pointing out the difference between "there is no evidence" and "has not found any evidence" simply to be pedantic; the distinction is important here because, as the Court had already noted on the previous page of the same Opinion and Order, Plaintiff's "IDEA appeal briefing does not specify *any* particular practices which Plaintiff finds objectionably non-evidence-based,"—not even sensory integration treatment—but instead simply "asserts in rather broad language that the District 'fail[ed] to address [Child Doe]'s escalating behaviors utilizing evidence based practices to effectively address problematic behaviors in children with autism,' and that this failure 'violated IDEA's requirement to utilize evidence based practices to educate students with disabilities.'" *Id.* at 7 & n.1 (emphasis added). In other words, Plaintiff—who had the burden of persuasion as the party challenging Child Doe's individualized education plan, *see Lathrop R-II Sch. Dist. v. Gray*, 611 F.3d 419, 423 (8th

Cir. 2010)—failed to direct the Court to any evidence in the record that sensory integration treatment is not based on peer-reviewed research, and the Court simply observed that it was unable to find any such evidence in the record on its own.

Plaintiff's Rule 59(e) briefing on this particular claimed error simply amounts to factual and legal arguments that Plaintiff could have made, but did not make, in her original IDEA appeal briefing. *See* Doc. 111, pp. 5–11. The Court is not going to consider those arguments now, because as the Court has already pointed out several times now, a party may not use a Rule 59(e) motion to "raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. The Court will, however, make two general observations. First, in the section of its Opinion and Order dealing with these issues, the Court was much more careful than Plaintiff has been about distinguishing between, on the one hand, Plaintiff's (and Plaintiff's expert's) favored terms of "evidence based practices" and "pseudoscientific" (which do not appear in the actual text of the IDEA), and, on the other hand, the phrase "peer reviewed research" (which does appear in the actual text of the IDEA).[4] *See* Doc. 105, pp. 8–9. Second, and more to the point, the Court's ruling on this matter accorded with

---

[4] Again, the Court is not merely being pedantic. These terms mean different things. Research may be peer-reviewed without being evidence-based. Consider, for example, papers published in peer-reviewed mathematical journals on the properties of abstract algebraic structures. Research may even be both peer-reviewed and pseudoscientific. Consider, for example, papers published one or two centuries ago in peer-reviewed journals in the field of phrenology. And research may be evidence-based and scientific without being peer-reviewed. Consider, for example, an eccentric genius who formulates falsifiable hypotheses on topics of interest, tests those hypotheses by conducting repeated well-designed experiments in his garage, and refines his theories to accord with the data these experiments yield, but never shares any of his research with anyone else because he is painfully shy.

the notion that although it is very important to take into account the extent to which Child Doe's treatment plan was based on peer-reviewed research (and on evidence-based-practices, and not on pseudoscience, and, for that matter, on any other standard for rigor and reasonability that may be relevant to the inquiry and that may or may not be explicitly mentioned by the IDEA), that particular line of inquiry is not the be-all and end-all to the ultimate question of whether Child Doe was provided a FAPE. *See id.* at 5–9. Indeed, the alleged lack of evidence-based practices was not even the only basis for Plaintiff's contention that Child Doe was denied a FAPE in the first place. *See id.* at 5 (discussing Plaintiff's contentions that Ms. Albright was denied meaningful participation in the individualized education plan process, and that a new functional behavioral assessment should have been performed on Child Doe). The Court conducted a careful, thorough, holistic review of the entire administrative record, and does not believe it committed any manifest error of law or fact in concluding "by a preponderance of the evidence that the District provided Child Doe an educational program reasonably calculated to enable her to make progress appropriate in light of her circumstances." *See id.* at 9 (internal quotation marks and brackets removed).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff Jacquie Albright's Motion to Alter or Amend Judgment Pursuant to Rule 59(e) (Doc. 110) is **DENIED**.[5]

---

[5] The Court notes that in their Response, Defendants stated that they "should be granted their attorneys' fees incurred in connection with drafting this Response pursuant to Rule 11," because they contend Plaintiff's Motion "is unnecessary, and filing it only served to delay the conclusion and increase the cost of this case." The Court is not inclined to order any such sanctions of its own initiative. If Defendants wish to pursue the matter, then they will need to file a separate motion. Reference to note 3 in this Opinion and Order, *supra*, should suffice to explain why the Court does not believe the request for attorney

**IT IS SO ORDERED** on this 15th day of September, 2017.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

fees embedded in Defendants' Response satisfies Rule 11(c)(2)'s requirement that "[a] motion for sanctions must be made separately from any other motion . . . ."

13